UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **KENNITH W. MONTGOMERY** <br> **#54338** | **CIVIL ACTION NO. 12-3104** <br> **SECTION P** |
| **VERSUS** | **JUDGE MINALDI** |
| **WARDEN, CALCASIEU** <br> **CORRECTIONAL CENTER** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the application for writ of habeas corpus filed on December 17, 2012, by *pro se* petitioner Kennith Wayne Montgomery.  Documentation filed by petitioner indicates that he is in pre-trial custody at Calcasieu Correctional Center (CCC), Lake Charles, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons it is recommended that the application be **DISMISSED WITHOUT PREJUDICE**.

*Statement of the Case*

Petitioner was incarcerated on July 17, 2012, for distribution of cocaine, to which charge he plead not guilty. Doc. 1, att. 1, p. 1.  He claims that "what may have started off as a legal arrest and confinement is now a constitutional disaster and there is no-way [sic] this court can continue to allow the state of Louisiana to incarcerate and prosecute the petitioner [him] after . . . violating six (6) constitutional amendments." Doc. 1, att. 2, pp. 5–6.  Petitioner states that the alleged constitutional violations are as follows:

> 1) First Amendment Right…Petitioner is being retaliated against for filing complaints and lawsuits against said judge and certain officials thereby violating

>this right. 2) Fourth Amendment Right…Petitioner confinement has turned into an illegal seizure 3) Fifth Amendment Right-Due Process-Petitioner is in fact being denied access to the Courts; denied his right to speedy trial; denied his right to his discovery material…; denied his right to a Preliminary Hearing and/or to testify in front of a grand jury 4) Sixth Amendment Right…to self representation 5) Eighth Amendment Right…petitioner is being with an excessive bail $180,000 [and] his confinement is cruel and unusual 6) Fourteenth Amendment Right-Due Process

Doc. 1, att. 2, pp. 6–7.

As relief for the above, petitioner asks this court to release him from an unconstitutional incarceration, to stop the unconstitutional trial and/or hearing, and to prevent Judge Clayton Davis from presiding over his current case and all future matters. Doc. 1, p. 15.

*Law and Analysis*

Petitioner's original application was on a form provided for petition of habeas corpus filed pursuant to 28 U.S.C. § 2254. However, that provision applies only to writs of habeas "in behalf of a person in custody *pursuant to the judgment of a State court*…" *Id.*(a) (emphasis added). Since petitioner brought a pre-trial habeas petition, his petition "[is] properly brought under 28 U.S.C. § 2241." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir.1987). Therefore, petitioner's claim will be construed as seeking relief pursuant to § 2241 rather than § 2254.

Federal law is clear. A state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief whether he seeks relief pursuant to § 2241 or § 2254. *See Dickerson*, 816 F.2d at 225; *see also Rose v.* Lundy, 455 U.S. 509, 510 (1982). Although "it is only in the post-trial setting that exhaustion is mandated by statute [§ 2254(b)]," the judiciary, through a body of case law, has crafted an exhaustion doctrine applicable to § 2241(c)(3). *Dickerson*, 816 F.2d at 225. "[F]ederal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by

trial on the merits in the state court or by other state procedures available to the petitioner" *Id.; See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). Furthermore, unless "special circumstances" exist, "[f]ederal habeas relief should not be used as a 'pre-trial motion forum for state prisoners.'" *Dickerson*, 816 F.2d at 229 (quoting *Braden*, 410 U.S. at 1129). The burden is on the petitioner to prove the existence of special circumstances "that would obviate the exhaustion requirement." *Id.* at 227. The *Dickerson* court held that neither petitioner's Sixth Amendment claim to a speedy trial nor due process claim constituted the kind of "'special circumstances' that would lead [them] to deviate from *Braden's* dictate that pre-trial habeas relief is not available to disrupt a pending state criminal trial." *Id.* at 229. Since petitioner here seeks federal habeas review of pre-trial state court proceedings and makes no showing of special circumstances, he must therefore comply with the statutory and jurisprudential requirements to exhaust available state remedies before being entitled to file a habeas petition in federal court.

Federal courts can dismiss without prejudice a federal petition for writ of habeas that contains unexhausted grounds for relief. *Rose,* 455 U.S. at 510. Furthermore, a federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir.1990); *Bautista v. McCotter*, 793 F.2d 109 (5th Cir.1986). A federal district court may *sua sponte* notice the lack of exhaustion. *Shute v. Texas*, 117 F.3d 233, 237 (5th Cir.1997).

### *Conclusion*

In the instant application, petitioner has filed for pre-trial habeas relief regarding alleged constitutional violations that should have been raised and resolved by a state court. Because

petitioner has not utilized available state court remedies, he has not satisfied the exhaustion requirement of § 2241.

Therefore,

**IT IS RECOMMENDED** that this petition for habeas corpus be **DENIED AND DISMISSED WITHOUT PREJUDICE** since it plainly appears that the petitioner has failed to exhaust all available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE this 5th day of June, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE