RECEIVED
IN LAKE CHARLES, LA
NOV 18 2013
TONY R. MOORE, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KENNITH W. MONTGOMERY #54338 | * | CIVIL ACTION NO. 2:12-CV-03104 |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | JUDGE MINALDI |
| | * | |
| WARDEN, CALCASIEU | * | |
| CORRECTIONAL CENTER | * | |
| | * | MAGISTRATE JUDGE KAY |
| Defendant | * | |

*********************************************************************

## MEMORANDUM ORDER

Before the court is the plaintiff's application for writ of habeas corpus. The court writes only briefly to supplement the Report and Recommendation [Doc. 13] of the Magistrate Judge in this matter.

When the plaintiff's application was originally filed, the plaintiff was in pre-trial custody at Calcasieu Correctional Center in Lake Charles, Louisiana. Although the plaintiff initially applied on a form provided for petition of habeas corpus pursuant to 28 U.S.C. § 2254, as the Magistrate Judge pointed out, his was a pretrial habeas petition, and, as such, his petition was "properly brought under 28 U.S.C. § 2241." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).

The Magistrate Judge, correctly noting that exhaustion of state court remedies is a prerequisite when seeking habeas relief under either § 2241 or §2254, recommends the denial and dismissal of plaintiff's application.[1] The plaintiff, on the other hand, contends that in the interim between his original application and this court's consideration he has been convicted and sentenced of the crime for which he was previously on trial, and thus plaintiff's "status has

---

[1] Report and Recommendation [Doc. 13], p. 4.

1

and/or was in fact changed on 1/11/2013 when he was forced and bullied into an illegal and unconstitutional trial where he was also in fact found guilty."[2]

The plaintiff's application is still flawed, however, in that he has still failed to make any showing that he has exhausted all available state court remedies as required under the statute.

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)
>     (i)    There is an absence of available State corrective process; or
>     (ii)   Circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(A)(B). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Jennings v. Stephens*, No. 12-70018, 2013 U.S. App. LEXIS 14864 (5th Cir. July 22, 2013) (citing *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999)). The plaintiff herein has made no such showing, and, as such, has not satisfied the exhaustion requirement.

For the foregoing reasons, and the reasons set forth in the Report and Recommendation of the Magistrate Judge [Doc. 13] previously filed herein, after an independent review of the record, a *de novo* determination of the issues, consideration of the objections filed herein [Doc. 16], and having determined that the findings of the Magistrate Judge are correct under applicable law,

**IT IS ORDERED** that the plaintiff's application for writ of habeas corpus is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

Lake Charles, Louisiana, this 15 day of November, 2013.

---

[2] Objections to Report and Recommendations and/or Amended Petition [Doc. 16], at 2 (citing Second Supplemental Br. to Writ of Habeas Corpus [Doc. 6], at ¶ 3).

_/s/ P. Minaldi_
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE
